Morphy, J.
This action was brought upon a receipt, or certificate of deposit for $1000, in notes of the Agricultural Bank of Mississippi, which bore interest, the same having been presented for payment to that institution and payment refused. The.certificate, which bears date the 30th of May, 1842, and is signed by the defendants, describes the notes handed to them by the plaintiff, and concludes by saying that they promise to. pay to him forty-five cents on the dollar, face, and interest, or return him the said notes on his calling for the same, and the return of this receipt.” The petitioner alleges a demand of the defendants, and refusal on their part to comply with the terms of the certificate, and asks for a judgment against them. The answer admits the receipt of the Agricultural Bank notes by the defendants on the terms and conditions of the instrument sued on; but alleges that on, or about the 22d of June, 1842, the plaintiff applied for the said notes which they had been.unable to dispose of; that the notes were produced, and were about to be delivered to the plaintiff when he expressed a desire to sell them, saying that he wanted the money for immediate use, offering to accept of forty cents on the dollar, face, and interest to that date, which the defendants agreed to give, and actually paid into the hands of the plaintiff the proceeds amounting to $459.28 ; but, that as it was not usual for defendants to issue certificates of deposit, and they did not recollect having given one in the present case, they omitted to require its return when they paid the money. This cause, which -was before us, in May, 1844, on an appeal taken by the defendants* was then remanded for a new trial, this court not being fully satisfied with the conclusion arrived at by the Judge below. On the *408 second trial, some additional evidence was given by the plaintiff, in whose favor there was again a judgment, from which the defendants appealed ; but, by consent of parties, the case was a second time remanded at the costs of the appellants. The cause was then placed before a jury, whose verdict was in favor of the plaintiff, and the present appeal is from the judgment entered up on that verdict.
. Most of the evidence adduced on the last trial, is in relation to a collateral issue made up between the parties, to wit, whether the plaintiff was, or was not in New Orleans, on the 22d of June, 1842, when the payment pleaded by the defendants is alleged to have been made. The testimony of several witnesses was taken under commissions, and various letters written to, and by the plaintiff about that time, were given in evidence. The plaintiff has succeeded, we think, in rendering it somewhat probable, but by no means certain, that he was not in New Orleans at the date in question. Had his absence from the city at that particular time, been shown beyond the possibility of any doubt, it would have been conclusive, as it was to him personally that ¡rayment is alleged to have been made.
Our attention has been drawn to a bill of exceptions taken to the opinion of the Judge, who refused to admit in evidence the books of the defendants, which they had offered to corroborate by the testimony of their witnesses, as to the days on which the several transactions took place, and to prove in whose hand-writing the original entries were made. The Judge, we think, correctly held, that the books of the defendants could not be admitted for any purpose whatever; but that witnesses, who had made entries in them of matters within their personal knowledge, might refer to such entries to refresh their memory. The Civil Code expressly provides, that the books of merchants cannot be given in evidence in their favor. Art. 2244.
On the merits, which present only a question of fact depending on the testimony and credibility of witnesses, a careful examination of the evidence, and of all the circumstances of the case, does not enable us to say, that the verdict is so clearly erroneous as to make it our duty to disturb it.

Judgment affirmed.